**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RAVINDER REDDY ALLALA,

       Petitioner,

v.                                    CASE NO: 8:12-CV-2906-T-30EAJ
                                       Crim. Case No: 8:11-CR-222-T-30EAJ

UNITED STATES OF AMERICA,

       Respondent.

_____/

# ORDER

       THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1), Memorandum in support (CV Dkt. #2), Response (CV Dkt. #11), and Reply (CV Dkt. #23).   Upon consideration, the Court concludes that the motion should be summarily denied without an evidentiary hearing because it plainly appears from the parties' pleadings and the prior criminal proceedings that the Petitioner is not entitled to relief.   *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

## BACKGROUND

       Petitioner, Ravinder Reddy Allala (hereinafter referred to as "Allala" or "Petitioner") was charged with two counts arising out of his filing of fraudulent visa applications in violation of Title 18, United States Code, Section 1546(a) (CR Dkt. #1). Pursuant to a plea agreement, Petitioner pled guilty to the charges (CR Dkt. # 34, 39, 40).

Petitioner, proceeding *pro se,* timely filed this motion to vacate his sentence (CV Dkt. #1).  The Petitioner's motion and supporting brief is often unclear leaving the Court to guess whether he is making a claim under 28 U.S.C. § 2255, supporting a claim, or just making a general grievance about the criminal justice system (CV Dkt. #1,2).  And the Petitioner's brief contains lengthy quotations from prior court opinions with little argument or application to the facts of his case (CV Dkt. #2).  The Court has done its best to extract the following five claims from Petitioner's motion and brief.

## Claims

Counsel was ineffective:

**1.**  because the Plea Agreement contained a conflict of interest present in the waiver of ineffective assistance of counsel claims.

**2.**  in advising the Petitioner that the Government would file more charges if he did not sign the Plea Agreement.

**3.**  in failing to discuss the consequences of sustaining a felony conviction on his status with immigration.

**4.**  for failing to present evidence and legal authority resulting in an enhancement for his role in the offense.

**5.**  because the Petitioner was prejudiced by the "Cumulative Impact of Multiple Deficiencies of Errors."

## DISCUSSION

Effective assistance of counsel is guaranteed by the Sixth Amendment.  *McMann*

*v. Richardson*, 397 U.S. 759, 771 (1970). The standard for determining an ineffective assistance of counsel claim is whether counsel's conduct undermined the judicial process to the point it cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An attorney is presumed to be competent so the petitioner has the burden of demonstrating he was deprived of effective counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

Vacating a conviction because of ineffective counsel requires the petitioner establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The focus in the first prong is not whether counsel could have made a different decision but only whether counsel's performance was reasonable. *See Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000). Prejudice in the second prong is defined as the petitioner being able to show there is a reasonable probability, but for counsel's unreasonable error, the result would have been different. *Strickland*, 466 U.S. at 694. Evaluation of an effectiveness claim does not require the analysis to be conducted in any particular order and the court is not required to address both components of the inquiry should the petitioner fail in making a sufficient showing on one. *Strickland*, 466 U.S. at 697.

**Claim One**

Allala argues that his counsel's representation was constitutionally deficient because of a conflict of interest in recommending he waive his collateral appeal rights (CR Dkt. #34, p.13). The waived collateral appeal rights included ineffective assistance

of counsel claims brought under 28 U.S.C. § 2255 (CR Dkt. #34, p.13).   It is well established that a sentence-appeal waiver precludes defendants from attacking their sentence in a collateral proceeding through a claim of ineffective assistance of counsel so long as the waiver is entered into voluntarily and knowingly.   *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).   However, in light of Opinion 12-1 of the Florida Bar[1], approved on December 7, 2012, the Government is not seeking to enforce the collateral waiver provision.

Federal courts do not recognize defense counsel's acquiescence to an appeal waiver as unreasonable performance to support an ineffective assistance of counsel claim. *See Williams*, 396 F.3d at 1342.   Nowhere in the Petitioner's motion or brief has he suggested that his counsel labored under a conflict of interest in advising him to plead guilty.   Even if for the sake of argument it is accepted that such a waiver was unreasonable, the Petitioner has not been prejudiced by the waiver because it is not being enforced against him.   Therefore, Allala is not entitled to relief on this claim.

**Claim 2**

Petitioner claims he was coerced into pleading guilty by his counsel's assertions that the Government could file more charges as they continued the investigation into his criminal activity (CV Dkt. #1, p.4).   It is unclear how his counsel's advice on this issue suggests that Allala received ineffective assistance.   Counsel's advice could equally be indicative of competency and experience.   Allala suggests that his counsel was

---

[1] Professional Ethics of the Florida Bar Opinion 12-1 is an interpretation of Florida Rule of Professional Conduct 4-1.7.  The Opinion advises, "A criminal defense lawyer has an unwaivable conflict of interest when advising a client about accepting a plea offer in which the client is required to expressly waive ineffective assistance of counsel and prosecutorial misconduct."

ineffective for not properly investigating through discovery what the Government may find as they continued to build their case (CV Dkt. #1, p.8).  However, the best person to know what evidence of criminal activity the Government may or may not uncover is Allala himself.

In effect, Allala now claims he pled guilty only because of the threat of additional charges.  But when he pled guilty, Allala specifically denied receiving threats from anyone: the Court asked, "Has anybody threatened you in any way, mentally or physically, to get you to plead guilty?" to which Allala replied, "No, ma'am (CR Dkt. #85, p.13)."  The Petitioner, in his plea agreement, acknowledged he pled guilty "freely and voluntarily without reliance upon any discussions between … the defendant and the defendant's attorney … and without threats, force, intimidation, or coercion of any kind (CR Dkt. #85, p.13)."

The Petitioner's claim that he has plead guilty because of the threat of further charges is controverted by his own prior written and oral sworn testimony.  Because the Petitioner rests solely on his own naked assertion of impropriety, refuted twice by his prior testimony, and unsupported with any facts, the Petitioner is not entitled to relief on this claim.

## Claim 3

Petitioner claims his counsel was ineffective in failing to discuss the consequences of sustaining a felony conviction on his status with immigration (CV Dkt. #1, p.5).  It is true that counsel must inform a client if their plea carries a risk of deportation to be effective.  *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010).  But Allala was informed that

there could be immigration consequences from his plea.   During the Petitioner's plea colloquy the Magistrate Judge specifically asked him, "And if you are an alien here, legally or illegally, you could face immigration consequences after you have finished your sentence. Do you understand that?", to which the Allala responded "Yes ma'am." (CR Dkt. #85, p.37).[2]   Since the record establishes that Allala was aware of the potential immigration issues surrounding his plea, he is not entitled to relief on this claim.

**Claim 4**

Petitioner claims his counsel was ineffective for "failing to present evidence and legal authority" resulting in an improper enhancement for his role in the offense (CV Dkt. #2, p.10).   A defendant who was an organizer, leader, manager, or supervisor in a criminal activity is subject to a two-level sentence increase.   USSG §3B1.1(c).   This enhancement only requires the defendant to have asserted control over one participant. *United States v. Jiminez*, 224 F.3d 1243, 1251 (11th Cir. 2000).   The government has the burden of proving to the District Court the defendant's aggravating role by a preponderance of the evidence.   *United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993).

---

[2] The Government has provided the Court with additional evidence corroborating that the Petitioner was aware of the consequences a felony conviction would have on his immigration status.  Pursuant to a court order, Allala's counsel submitted an affidavit and emails that show both he and the Petitioner were aware of the immigration issues present in this case from the outset (CV Dkt. #11-1).  Emails produced show immigration attorneys were contacted, with the Petitioner included on those emails, and counsel was strategizing with an immigration attorney to find a way to avoid deportation (CV Dkt. #11-1, pp. 17-19, 31).  The Affidavit of Petitioner's counsel also states this information was communicated to Allala and the Petitioner even inquired as to whether voluntarily leaving the United States would shorten his custodial sentence (CV Dkt. #11-1, pp. 4-5).  This information was not used by this Court in denying this claim because Allala's petition, which was signed under oath, appears to contradict these statements.

The Addendum to the Petitioner's Presentence Investigation Report shows Allala's counsel filed an objection and argued against the adjustment for a supervisory role in the offense (CR Dkt. P.S.R. Addendum, p. 1). During Allala's sentencing hearing the specific issue of his role enhancement was again raised and contested by his counsel through cross examination of the Government's witness, case agent Kristy Anderson (CR Dkt. # 66, pp. 15, 27-33). The cross examination of Ms. Anderson attempted to show that Allala's partner in the business was not at his direction but instead an equal partner (CR Dkt. # 66, pp. 27-33). After the Government's witness stepped down, counsel continued to argue against Allala's role enhancement (CR Dkt. # 66, pp. 35-43).

Petitioner's counsel made a concerted effort to demonstrate that Allala's partner was an equal participant but the Court made a finding of fact that Allala was the one who directed the events (CR Dkt. # 66, pp. 43-44). The Petitioner may not have received the result he wanted, but his counsel was not ineffective. Therefore, this claim fails.

**Claim 5**

Petitioners final claim is that the "Cumulative Impact of Multiple Deficiencies of Errors by Counsel" during the plea and sentencing process resulted in ineffective assistance (CV Dkt. #1, p.8). Allala claims that his counsel did not request discovery relating to the threat of further charges, did not alert the Petitioner of the immigration consequences of the case, did not adequately argue on his behalf during sentencing, and

coerced him into signing an ambiguous plea agreement (CV Dkt. #1, p.8). These claims about counsel have already been found meritless.[3]

Allala also claims his counsel promised that he would receive probation (CV Dkt. #1, p.8). But the record shows that Allala knew a custodial sentence could be a result of his guilty plea. In the Petitioner's plea agreement he acknowledged that the two counts to which he pled guilty carry maximum sentences of ten and five years in prison (CR Dkt. #34, pp. 1-2). Also present in Allala's plea agreement is a clause recognizing that the Court was not bound by his plea agreement and it was within the Court's sole discretion to issue a sentence up to the statutory maximum (CR Dkt. #34, pp.12-13).[4] Finally, during Allala's plea colloquy, he swore that he had not been promised anything other than what was in his plea agreement (CR Dkt. #85, p.35)

In conclusion, the accusation that Petitioner's counsel promised there would be no custodial sentence is conclusively refuted by the record. The additional errors Allala complains of have previously been found meritless. Since none of the Petitioner's claims have merit, no cumulative errors exist and he is not entitled to relief. *United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004).

---

[3] The Court is aware the Government has provided additional evidence supporting adequate discovery including a copy of the discovery letter it provided to the Petitioner's counsel (CV Dkt. #11-1, pp. 22-28). Petitioner's counsel has also furnished, pursuant to a court order, an email the Petitioner sent to his primary counsel and immigration attorney confirming he had reviewed the Government's evidence (CV Dkt. #11-1, pp. 30). This information was not used in denying this claim.

[4] The Government has provided an email counsel sent to Allala and his immigration attorney revealing that he knew he would be expecting a prison sentence as part of his plea agreement (CV Dkt. #11-1, p. 31). This information was not used in denying this claim.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.# 82, in the underlying criminal case, case number 8:11-CR-222-T-30EAJ.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003)

(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on October 2, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Even\2012\12-cv-2906.2255FINAL ORDER.frm